**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| PATRICIA YEARWOOD | § | Case Number: 5:20-cv-645 |
| *Plaintiff* | § | |
| | § | |
| | § | |
| VS. | § | **COMPLAINT** |
| | § | |
| WAL-MART STORES TEXAS, LLC AND | § | |
| WAL-MART STORES, INC. | § | **Jury Trial Demanded** |
| *Defendants* | § | |

<u>**PLAINTIFF'S ORIGINAL COMPLAINT**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Patricia Yearwood, and files her Original Complaint against Defendants Wal-Mart Stores Texas, LLC and Wal-Mart Stores, Inc. (collectively, the "Wal-Mart Defendants"). In support thereof, Plaintiff would respectfully show the Court as follows:

**I.
PARTIES**

1.1     Plaintiff, Patricia Yearwood, is domiciled in Texas and is therefore a citizen of Texas and was so at the time of the subject incident.

1.2     Defendant, Wal-Mart Stores Texas, LLC ("Wal-Mart Stores Texas"), is a limited liability company incorporated under the laws of Delaware with its principal place of business in Arkansas. As evidenced by the location of the incident described below, Wal-Mart Stores Texas conducts business in Texas, engages in continuous and systematic contacts with the State of Texas, and derives substantial economic profits from its business activities in Texas. Wal-Mart Stores Texas can be served with process by serving its registered agent, C T Corporation Systems, at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

1.3     Defendant, Wal-Mart Stores, Inc. ("Wal-Mart Inc."), is a Delaware corporation authorized to do business in the State of Texas with its headquarters in Bentonville, Arkansas. As evidenced by the location of the incident described below, Wal-Mart Stores Inc. conducts business in Texas, engages in continuous and systematic contacts with the State of Texas, and derives substantial economic profits from its business activities in Texas. Wal-Mart Inc. may be served with process by serving its registered agent, C T Corporation System, at 1999 Bryan Street, Ste. 900, Dallas, Texas 75201.

## II.
## VENUE AND JURISDICTION

2.1     Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Texas. More specifically, the incident that makes the basis of this lawsuit occurred in Bexar County, Texas, which is located in the San Antonio Division of the Western District of Texas.

2.2     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

2.3     This Court has specific personal jurisdiction over the Defendants because each of them purposely directed their activities to Texas and the claims made in this litigation are the result of injuries that arise directly out of and relate to those activities. In particular, this action arises foreseeably from Defendants' conduct following their purposeful choice to maintain retail stores in Texas, and their failure to exercise ordinary care while doing so.  Defendants should have reasonably anticipated being haled into court in Texas given the substantial connection between their activities in Texas and the

claims made in this lawsuit. Thus, this action seeks to adjudicate issues deriving directly from or connected directly with their tortious activities in Texas, and this Court's personal jurisdiction over this Defendants in this action arises from that nexus. Defendants themselves created the contacts with Texas; they purposefully availed themselves of the privilege of conducting activities within Texas. Defendants have sufficient minimum contacts with the State of Texas to support the exercise of personal jurisdiction over them by a court in the forum state. Based upon the direct connection between the Defendants' activities in Texas and the claims made against them, as well as the minimum contacts each of them purposefully made with the State of Texas, the exercise of personal jurisdiction here is consistent with the Texas Long Arm statute and with due process; it does not offend traditional notions of fair play and substantial justice and is neither unfair nor unreasonable.

### III.
### BACKGROUND FACTS

3.1     On September 8, 2019, Plaintiff was an invitee in Wal-Mart Supercenter Store No. 2769 located at 5626 Walzem Road, San Antonio, Texas, which is located in Bexar County, Texas. On such date, Plaintiff was shopping at Wal-Mart when she slipped and fell on water that had been leaking from an A/C unit within the store. As a result of the fall, Plaintiff was rushed to the emergency room where it was determined that she suffered a severely fractured femur and other injuries that would require immediate surgery.

3.2     At the time of the incident, no warning signs were placed in the area of the incident that would provide notice of the dangerous condition.

3.3     At the time of the incident Wal-Mart Supercenter Store No. 2769 was owned and/or operated by the Wal-Mart Defendants.

**CAUSES OF ACTION AGAINST DEFENDANTS**
**WAL-MART STORES TEXAS AND WAL-MART INC.**

**IV.**
**NEGLIGENCE AND RESPONDEAT SUPERIOR**

4.1     Wal-Mart Defendants committed actions of omission and commission, which collectively and severally constituted negligence, and that negligence proximately caused both the crash in question and Plaintiff's damages.

4.2     Wal-Mart Defendants owed a duty to Plaintiff to exercise ordinary care. Wal-Mart Defendants' negligent acts or omissions include, without limitation, one or more of the following:

(a)     Failure to keep the premises in a reasonably safe condition for restaurant guests;

(b)     Failing to inspect the premises to discover latent defects;

(c)     Failure to protect invitees from unreasonable risks of harm;

(d)     Failure to warn invitees of unreasonable risks so that the invitee may avoid them;

(e)     Failure to make safe any dangerous condition that Defendants should have known of;

(f)     Failing to use reasonable care to avoid a foreseeable risk of injury; and

(g)     Failing to properly maintain the A/C units, within the store, which were leaking water.

**V.**
**PREMISES LIABILITY**

5.1     In addition, or in the alterative, at the time of the incident, the Wal-Mart Defendants owned, occupied, and/or otherwise controlled the premises where the incident occurred.

5.2     Plaintiff was on the premises at the express or implied invitation of the Wal-Mart Defendants and entered the premises as a member of the public for a purpose for which the premises are held open to the public or for a purpose connected with the business of the possessor that does or may result in their mutual economic benefit. As such, Plaintiff was an invitee on the premises at the time of the incident.

5.3     A condition of the premises posed an unreasonable risk of harm—specifically, the leaking A/C unit, and Defendants knew or reasonably should have known of the danger.

5.4     Defendants failed to exercise ordinary care to protect Plaintiff from the danger by both failing to adequately warn her of the condition and failing to make that condition reasonably safe.

5.5     Defendants' failure to use ordinary care proximately caused the incident in question and Plaintiff's injuries and damages.

## DAMAGES

### VI.
### ACTUAL DAMAGES

6.1     As a result of the subject incident, Plaintiff suffered in the past, and will likely suffer in the future, damages including physical pain and mental anguish, physical impairment, disfigurement, lost earnings, loss of earning capacity, and reasonable and necessary medical expenses.   Those damages were proximately caused by the negligence of Defendants.

### VII.

## PREJUDGMENT AND POST-JUDGMENT INTEREST

7.1    Plaintiff seeks pre-judgment and post-judgment interest at the maximum legal rate.

## VIII.
## CONDITIONS PRECEDENT

8.1    All conditions precedent to Plaintiff's rights to recover and Defendants' liability have been performed or have occurred.

## IX.
## JURY DEMAND

9.1    Plaintiff requests a trial by jury and tender the requisite fee.

## X.
## PRAYER FOR RELIEF

10.1    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiff recover judgment of and from Defendants for her actual damages, in such an amount as the evidence shows and the jury determines to be proper, together with pre-judgment interest and post-judgment interest, costs of suit, and such other and further relief to which Plaintiff may show herself to be justly entitled, whether at law or in equity.

Respectfully Submitted,

WATTS GUERRA LLP

By:    /s/ Jorge L. Mares
MIKAL C. WATTS
State Bar No. 20981820
mcwatts@wattsguerra.com
FRANCISCO GUERRA, IV
State Bar No. 00796684
fguerra@wattsguerra.com
JORGE L. MARES
State Bar No. 24087973

jmares@wattsguerra.con
Four Dominion Drive
Bldg. 3, Suite 100
San Antonio, Texas 78257
Telephone No.: 210.447.0500
Facsimile No.:  210.447.0501

And

**RYAN ORSATTI LAW, PLLC**
4634 De Zavala Road
San Antonio, Texas 78249
Telephone:  210.525.1200
Fax:  210.951.5545


RYAN L. ORSATTI
State Bar No. 24088910
Email:  ryan@ryanorsattilaw.com

ATTORNEYS FOR PLAINTIFF